IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VERONIQUE LONGMIRE,**

      **Plaintiff,**

vs.                                                                           Civ. No. 05-1082 JH/DJS

**REGENTS OF THE UNIVERSITY OF**
**CALIFORNIA, d/b/a LOS ALAMOS**
**NATIONAL LABORATORY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Veronique Longmire's Motion to Amend Complaint [Doc. No. 23]. Having considered the parties' briefs, the record, and the relevant law, the Court will deny the Motion to Amend.

### I. Factual and Procedural Background

Although she previously had counsel, Longmire now proceeds *pro se*. Longmire's Complaint alleges, *inter alia*, that Defendant Regents of the University of California (hereinafter "the Regents") contract with the Department of Energy to manage and operate the Los Alamos National Laboratory ("LANL"), using University of California employees and various sub-contractors. Compl. at ¶ 2 [Doc. 1]. She states that LANL discriminated against her on the basis of her sex in violation of the Equal Pay Act and her employment contract by denying her pay equal to that of her male counterparts, and that she and others filed a separate class-action suit in 2003 against LANL. *See id.* at ¶ 12; Case No. 03cv1404. A review of the class-action suit shows that Longmire also alleged discrimination in promotional and educational opportunities. *See* Case No. 03cv1404, Doc. 1 (Complaint). Although most of the class-action plaintiffs have settled that suit

with LANL, Longmire has objected to, and opted out of, the settlement. *See id.* Doc. 206.  Her 2003 claims for violation of the Equal Pay act, breach of her employment contract, and discrimination are, therefore, still being adjudicated.

Longmire claims that LANL management began to harass and retaliate against her in December 2003, after she filed the class-action suit, by: passing her over for promotions, denying requests for additional education, intimidating her; giving her lower evaluations; not recognizing her superior performance and accomplishments; not adjusting her salary after new executives in her area were hired at higher salaries; and preventing her from applying for the new executive jobs. Compl. at ¶¶ 13-14.  She also alleges violation of the First Amendment, Title VII, and the New Mexico Human Rights Act, contending that LANL management retaliated against her because she spoke out against widespread pay disparities for female employees. *See id.* at ¶¶ 19-22; 37-39; and 46-48.

Longmire now desires to add Los Alamos National Security, LLC ("LANS"), which is allegedly a "for-profit consortium composed of the University of California, Bechtel, BWX Technologies and Washington Group International," as an additional defendant.  Motion to Amend at 2, ¶ 3; Doc. 34 ¶¶ 1, 2, 5 ("Proposed Amendment to Complaint . . . .").  She claims that LANS, which replaced LANL as the management company for the Regents in June 2006, became her employer with the same managers who "continued" to discriminate against her in the same ways they previously had until she terminated her employment in January 2007.  *See* Proposed Amendment to Compl. at ¶ 4.  Although, in her motion to amend, Longmire states that she desires to add additional claims against both defendants for racial discrimination and other unnamed violations of unnamed state and federal laws, *see* Motion to Amend at ¶ 4, her proposed amendments include only a claim for racial discrimination, *see* Proposed Amendment to Compl. at ¶¶ 6-7.

Longmire failed to attach a copy of her proposed amendments to her motion to amend, as required by the local rules. *See* D.N.M.LR-Civ 15.1. After the Regents pointed out the error, however, Longmire filed a copy of the complaint with her reply. The Regents did not request leave to file a surreply.[1]

## II. Applicable standards

At this stage in the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citations, brackets, and quotation marks omitted). Longmire's proposal to add LANS, the Regent's subsequent management subcontractor who continued to employ the same managers as LANL, as a defendant whose employees are allegedly continuing to discriminate and retaliate against her in violation of the Equal Pay Act, her contract, and her First Amendment rights is more properly characterized as a motion for leave to file a supplemental pleading, since she sets forth "transactions or occurrences or events which have happened since the date of the [original Complaint]." FED. R. CIV. P.15(d). "The

---

[1] Because the Regents have now had an opportunity to review Longmire's proposed amendments but did not request an opportunity to file a surreply, the Court will reject their argument that leave to amend should be denied for Longmire's failure to attach a copy of the complaint to her motion.

3

standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." 3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.30 at 15-109. In both instances, the district court must decide whether considerations like delay and relative prejudice favor or disfavor augmenting the case with the new allegations. *See, e.g., Walker v. United Parcel Serv., Inc.* 240 F.3d 1268, 1271 (10th Cir. 2001) (affirming denial of motion to supplement). Thus, "[l]eave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989).

### III. Analysis

The Regents first argue that, based only on her motion to amend, Longmire has not asserted a cause of action against LANS because the sole basis for adding LANS as a defendant is that LANS replaced LANL. The Regents contend that Longmire therefore has not stated a prima facie case for racial discrimination. Accordingly, the Regents contend that allowing amendment of Longmire's complaint would be futile. But the proposed amendments to the Complaint allege that Longmire "began to lose ground professionally and financially to both non-Black male and female employees" in 2001. Proposed Amendments to Compl. at ¶ 6. She claims that "the continuous decline and dead-ending of her career due to management decisions were the basis of her decision to terminate her employment" in January 2007. *Id.* Specifically, she claims that she faced discrimination in promotions, job classification and training opportunities, salary adjustments and increases, performance scores, and work assignments. *Id.* at ¶ 7. Longmire further claims that, after LANS replaced LANL, "discrimination . . . continued under LANS until the environment became so hostile that [Longmire] decided to terminate her employment from LANS on January 3, 2007." *Id.* at ¶ 2. Longmire has stated a claim for racial discrimination.

The Regents also contend that Longmire has not exhausted her administrative remedies on her racial discrimination claims.  In her proposed amendments, Longmire states that she filed an EEOC claim against LANL for racial discrimination on August 19, 2005, and is "awaiting a right-to-sue letter." *Id.* at ¶ 3.  The Regents admit having received notice of the race-discrimination charge against LANL, which is EEOC charge No. 390-2005-02208.  *See* Regent's Response (Doc. 27) at 4.  The Regents contend, however, that they have not received any notice of charges against LANS.  *See id.* at 5.

In her reply, Longmire asserts that, on January 31, 2007, she amended charge No. 390-2005-02208 to include LANS and acts that occurred after her August 2006 claim was filed.  *See* Doc 32, filed Feb. 27, 2007.  She did not, however, attach to her reply any documentation demonstrating such an amendment.

Citing *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304 (10th Cir. 2005), the Regents argue that Longmire has not exhausted her administrative remedies, and cannot file suit against LANS, until she files a discrete EEOC charge against LANS and receives a right to sue letter.  *See* Response, Doc. 27 at 5.  The EEOC issued Longmire a right-to-sue letter on April 19, 2007 on her race-discrimination claim against "Los Angeles National Laboratory, et al.," and Longmire filed a copy of that letter with this Court on May 18, 2007.  *See* Doc. 46, Ex. 1.  Longmire has, therefore, satisfied her duty to demonstrate exhaustion of remedies on her claims against LANL.  There remains some question, however, with respect to her new claims against LANS.  The right-to-sue letter does not state that the charge has been amended and LANS is not specifically named in the letter, although the EEOC used the words "et al." to describe more than one defendant.  *See id.*

In 2002, the Supreme Court held that "[e]ach discrete incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment

5

practice'" for which administrative remedies must be exhausted. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "The existence of past acts . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed." *Id.* at 113. The Tenth Circuit has explained the purpose of the exhaustion requirement: it puts "an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003).

Despite having been noticed that the Regents deny that LANS has been charged with discriminatory acts in an EEOC complaint, Longmire has not submitted any documents or other evidence showing that she in fact amended her EEOC charge No. 390-2005-02208 to include a discrimination claim against LANS. Until Longmire provides proof that she has filed a discrete EEOC claim against LANS and has received a right-to-sue letter that includes those claims, she cannot amend her federal complaint to add LANS as a defendant or to sue on any additional discriminatory acts other than those stated in the original charge. *See id.* at 1210-11. If she, in fact, has amended the charge and the EEOC right-to-sue letter includes acts occurring through January 2007, Longmire may request reconsideration upon attaching the requisite proof to a motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend [Doc. 23] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**